The issue presented on this appeal was a sufficiency of the evidence issue, which is unusual here, but in particular, it's counts 2 and 3 of the superseding indictment. If the court recalls, the two counts involving that were count 2, attempted sexual abuse of a minor, and count 3, attempted sexual abuse. The issue that the district court faced was whether or not there was enough evidence to allow that to go to the jury. After a lengthy discussion, it decided to do so. It would be Sidney's position that that evidence was insufficient because there was no indication of his intent to reach any sort of skin-to-skin contact. Well, intent is almost in every case an inference. Defendants don't testify and say, this is what I meant to do, and nor do they usually say to anyone else, this is what I intended. So it can be by inference, correct? Well, I disagree, Your Honor. You don't think that intent can be by inferential or circumstantial evidence? No question it can, Your Honor, and I also agree that the defendants don't get up there and testify as to what they were going to do. But it seems to me to allow that inference, there needs to be an additional bit of information for the jury to get there. Otherwise, it's just pure speculation. For instance, her testimony was that it was just a momentary touch. We don't have any ---- Well, does it have to be long for it to be a violation? Clearly not, Your Honor, under the code. It does not. So what relevance does that have? Well, because what I was getting to is it seems to require some sort of additional information for the jury to make that jump. In other words, was there an attempt to move the blanket that she had over her nose? Well, look, let's, you know, he reached under the blanket and under her shorts. Correct. And without any knowledge that she might be wearing yet another layer of clothing. So why can't a reasonable jury infer that he thought that would get him where he wanted to go, i.e., to her skin? Well, because there isn't any indication beyond that. I mean, Congress slices and dices these statutes. And under the particular one, if you touch over the clothing, you've committed one offense. If you go beyond that to skin-to-skin, you've committed a separate one. Well, that's why this is an attempt only. Right. Because it wasn't completed, but that doesn't mean it's not what he was hoping for. No, but it seems that in every circumstance, then, we face that. And I don't know if this analogy does the Court any good, and maybe it doesn't, and stop me if that's the case, Your Honor, is that if we were at a picnic situation with an employer and an employee, and one employer or, excuse me, employee puts his hand under the dress of an employee sitting next to him, do we automatically conclude that he intended for skin-to-skin contact? I don't know that we do that. Well, no, but we don't because when people are wearing dresses, they normally wear underwear. This is a very strange conversation to have in public. But, you know, very few go commando. But when someone's asleep at night, it's way more common not to be wearing underwear. So I think the jury's common experience could be pajamas, sure, but not necessarily expecting anything additional. But isn't that the speculation that we can't get to? Well, it's a reasonable inference. That's the question. Is it a reasonable or an unreasonable inference? Well, I would submit to you, Your Honor, it's an unreasonable inference here without any further indication by the defendant in any of his actions that something happened here. Yes, Your Honor. Doesn't one have to plug into this discussion the burden of proof, i.e., that it may – this would have to be a beyond a reasonable doubt inference? That's where – I'm sorry, Your Honor. Go ahead. That's where I thought the line had to be drawn here. The district court was concerned that this was an extremely close situation. Right. And it seems to me when you have a burden of proof beyond a reasonable doubt that these facts don't allow the jury to get there because there wasn't anything more than the momentary touch over the clothing here. Well, the momentary to me is not useful, and this is why. We don't know how momentary it was because she woke up. She was sleeping. So we don't really know how momentary it was. Well, we have her testimony calling it that, Your Honor. Well, it was momentary from her perception because she was sleeping, and then she woke up. And right after she woke up, she told him to get out of there, and he did. So that was momentary. But how momentary he was, I don't know. And actually, in a way, from your defendant's point of view, it's a stronger case if it's not momentary. Right? Because if it were momentary, the inference that he was just a predecessor or something else is stronger. Well, I don't know that we get there that way, Your Honor. I would disagree. If the touch were longer than that, then wouldn't the inference be even stronger that he was intending to do something else? Oh, it might be that he was just intending if he had his hand on her underpants for some time, then that seemed to be pretty clear that that's what he was intending to do. So the momentary, I say, doesn't do anything for me. It doesn't seem pertinent to anything. Is Mr. Decrane guilty if he intended skin-to-skin contact, even if he didn't make it that far? I would say no, Your Honor. I mean, gosh. It's an attempt crime, though. Yes. Why isn't that a substantial step? Well, that's a difficult question, and I have difficulty answering that, Your Honor. But if that's the case, then there is no line between any of them. Has that really been your argument, that it isn't a sufficient, substantial step? I thought your argument was just that the inference of intent was too weak. Well, I would take both of those positions, Your Honor. But I would say the inference of intent is plainly too weak because there isn't anything else going there. Here's what would be my view. Do you have any case law? As I understand it, there's one case that somewhat supports you in Hayward. Is that what it's called? The Third Circuit case? And I don't know. And some that maybe go the other way. Is there anything closely on point? Nothing that I could find, Your Honor, in looking pretty hard for that. Lots of cases out of the Eighth and Ninth Circuit, but nothing in regard to what constituted an attempt and whether a touch, no matter how long it was, was enough to allow a sufficient inference to go beyond sexual contact to a sexual act. It appeared to me, Your Honor, that had there been some other activity by Mr. Decrane, movement of the blanket, movement of the panties, movement of the shorts in some way, maybe up to the breast area, that we wouldn't be having this argument, that this Court would conclude that there was sufficient information for the jury to that a sexual act was intended. Is it clear that he reached under the blanket and did not pull the blanket back? Yes, Your Honor. That seems to be clear from the testimony at the trial and also had his hand under her gym shorts but over her panties. And that seemed to be... See, to me, that makes the inference of intent even stronger because had he moved the blanket and could see what he was doing, he would have known that there were two layers of clothing. But he didn't know that. He couldn't know that. No, that's true, Your Honor, but that's part of the speculation, isn't it? And then the speed with which he left the room after being stopped with her, I think, lends some indication that he was there for a short period of time and for a short period of gratification, if that's a fair assessment of the thing. It just seems to me without any more than that that the inference is at best 50-50 and under a preponderance of the evidence standard or rule of lenity of some sort that the defendant ought to be entitled to some sort of consideration in that regard and that that inference is too far for the jury to reach. How much difference in sentencing did this make? What was that, Your Honor? I didn't quite get that. How much difference did the additional two counts make? The judge made them, Judge Waters made them consecutive. He got 36 months, if I recall, on count one and then 24 months on counts two and three. Twenty-four months together or 24 months together? They were concurrent. The last two counts, two and three, were concurrent but consecutive to count one. If counts two and three were found to be insufficient, my suspicion is that Mr. Decrane would discharge immediately. You have about a half minute left if you want to save for rebuttal. If the Court didn't have any more questions, Your Honor, I'm good. He would be discharged immediately because he served his 36 months? I didn't get that. He would be discharged immediately because he has served the 36 months? Yes, Your Honor. That would be my conclusion. Has he served the 36 months? He's been in since June of 17, I believe, Your Honor, so we're close to that period. Thank you very much. Thank you, counsel. We'll give you a minute for rebuttal because we asked you a lot of questions. We'll hear from the government. May it please the Court, Thomas Godfrey with the District of Montana for the United States. The issue before the Court today is whether or not any rational jury could have convicted the defendant of the three counts after hearing the evidence that was presented at trial. In this case, the evidence showed that the victim in this case was 15 years old and related to the defendant through her stepfather. She had gone to her grandmother's house, her stepfather's mother, for a graduation celebration. I think we know all that. What's the point of this? The point of this, Your Honor, is when looking at the evidence in the case, it's clear that the defendant intended sexual abuse in this case because in this circumstance all of the individuals in the house were asleep. When the defendant came upon the victim who was sleeping on the couch, she was wearing a tank top, a sports bra, shorts, underwear, and was covered with a blanket. The victim was asleep. The defendant sat down at her feet, which we know because that's where he was when the victim woke up after the defendant touched her. Counsel, where is the line in this case between a reasonable inference and mere speculation? And, Your Honor, I think that looking at this case, the inference is reasonable because of the layers the defendant had to go through to get where he had gotten. Reasonable beyond a reasonable doubt that that's what he intended, okay? Correct, Your Honor. Yes. This would have to be proven beyond a reasonable doubt at trial. And the defendant, and this goes both to his intent to engage in a sexual act as well as his intent that the victim was sleeping in the case because the victim did not wake up when he first sat down, and it was once she felt his hand going up her inner thigh that she woke up, and then she felt him touch her over her underwear, under her shorts, over her vagina. And in this case, if the defendant was simply intending to touch the victim over the clothing, he had opportunities to do that over the blanket or over her shorts, but continued to go further and was only stopped when the victim woke up when she felt him touching her inner thigh and kicked him and tried to get him off of the couch. He was also extremely intoxicated, wasn't he? He was, Your Honor. And the jury was instructed on voluntary intoxication and how that affects intent in this case. But he was not so intoxicated that he was not able to. But doesn't that intoxication at least go to the inference as to what he intended, in the sense that the notion that he necessarily intended, that he had any very specific or ordinary intent, I mean, in this instance, that he really knew what he was going to do next. And I think intoxication certainly is part of the intent. But I would point out in this case that the defendant was sober enough to sit down in a way that did not wake up the victim, to get under the blanket and on her inner thigh before she was awoken. So if he was so intoxicated as his story was, the second story he told. It wasn't his story. Everybody who saw him that night recounted how much he was drunk and that he was very intoxicated. He was certainly intoxicated, Your Honor. But my point is he wasn't so intoxicated that he was falling down drunk. In fact, looking at his actions, his actions were very specifically calculated in a way to not wake the victim up, because she only woke up when his hand was already on her inner thigh and then he was touching her over her vagina. If he was so intoxicated that he didn't know what he was doing and was essentially falling down drunk, which was the story that the jury heard and rejected, it doesn't fit the facts as the victim described them. And then further showing how he was not so intoxicated, his actions afterward in an attempt to deflect what he was doing when the victim asked, What are you doing? He said nothing. He then picked up a phone and fiddled with it, essentially acting like nothing was going on, and then he left the house. He didn't stay in the house. He left the house immediately after this, and then the victim got up and checked to see if anyone else was awake, and no one else was awake. So looking at everything the defendant did, it's clear he knew what he was doing, because all of his actions showed he wasn't so intoxicated that he wasn't capable of, one, behaving lightly enough that the victim wouldn't wake up until his hand was already under her shorts, and two, to behave in a way afterwards to This is sort of a reprise of Judge Tonheim's theory, but in a different way. What's left of this separate crime of touching someone over their clothes, if the inference whenever you do that is that that's just a preliminary to touching them under their clothes? I mean, when would there ever be a separate crime? Your Honor, in grooming cases, in cases where there are certainly cases where individuals are grooming victims and touching them over their clothing without going further in that specific instance. Well, in this case, if he had been doing this through the blanket and all the layers, I assume it wouldn't have even been charged. That's correct, Your Honor. Certainly not as the attempt. I think in this case the strong inference comes from the fact that he continued to go under the layers of clothing that the victim was wearing while she was asleep. And to answer the question about there's certainly instances where children are abused just over the clothing. In this case, this was a crime of opportunity because this was the victim visiting her grandmother's house, and that was the relation to the defendant's side of the family. And then everyone being in the house being asleep, there was no indication that this was any kind of a grooming case. This was his opportunity to engage in this act. And the victim was clear about what happened both on direct and redirect examination, that she was touched over her underwear under the shorts on her vagina. She testified. She actually equivocated. I mean, eventually she said, well, I don't really know. Right. But there was certainly enough evidence to say that it was under the shorts. Correct, Your Honor, and the jury certainly credited her testimony on that, or they would not have convicted on count one that she was touched in her privacy. She testified. No, I didn't mean that, but go ahead. She testified, I believe, that he was touching my leg going up. Is that her testimony? Yes, Your Honor. And then she stated that he was touching her inner thigh when she awoke, and then she was asked. Is that skin-to-skin contact, touching her leg going up close enough? It's not a sexual act, Your Honor, on its own. It wouldn't constitute the offense, not as an attempt. However, the victim then testified that he touched her on her private and then was asked, is that where you pee or where you poop, and she stated where I pee. And then when she was interviewed by law enforcement, at the outset of the case, she circled on the diagram her vaginal area when asked what down there was, which is where she indicated she had been touched. So the victim was clear as to where she was touched on her body. And, again, I think looking at this case with the standard of review that the court has, whether any rational juror could convict under these circumstances, I think even if the court found there could be a reasonable inference or that reasonable people could disagree, even though in this case, I think the government has shown that there is no other reasonable inference when a 39-year-old man comes upon a sleeping 15-year-old relative and goes under multiple layers of clothing. Tell me again what makes for the inference. The inference is simply that a 39-year-old man just would never be satisfied with touching her over her underpants, is that it? No, Your Honor. The inference is that if he was intending to simply touch her over her clothing, he had multiple opportunities to do that, but continued on and was at the point where he was touching her. But, obviously, there's a difference between touching somebody over a blanket. I mean, you know, who knows what these people, you know, gives them satisfaction or gives them gratification. You're making assumptions. Again, Your Honor, I'd also point out that the defendant didn't know what the victim was wearing under her shorts, and I think the jury could absolutely find a reasonable inference that if you come upon someone who's sleeping wearing gym shorts... Well, he didn't try to pull down her shorts, right? He did reach under them, though, Your Honor. But he didn't pull them down. He did not pull them down. So he reached under them, and maybe he thought she wasn't wearing underpants, but she was. But he would have to pull them or yank them or do something to them. He couldn't simply touch her at that point, because I assume that you can reach under shorts, but in order to reach under underpants, you have to pull things, and you can't just do it quietly and without being noticed. I think that someone could reach under someone's underwear and penetrate them with their hand without pulling down their underwear. And in terms of... I'm out of time. So you assume... That's the thing. You have to make assumptions about what he was trying to do. You're assuming he was trying to penetrate her with his hand, I guess. That's what you're assuming. That isn't required, though, for sexual abuse, is it? There doesn't have to be penetration. That's correct, Your Honor. Okay. But if he... I don't know. It's kind of a strange conversation. Anyway, go ahead. Your time has expired, but you can have a sentence to wrap up if you'd like. Thank you, Your Honor. And, again, I would just state that a rational jury could convict the defendant based on the facts that were presented to the court, and that intent can be inferred through action. Are you aware of any other cases that have been charged like this in which there's a clear conviction for touching her over her underwear and then an inference that he intended to go further? Is there any cases that have been charged like that? I'm not aware, Your Honor. I don't typically do sex crimes cases, but I didn't see anything in the case law that was this specific set of facts. Thank you, counsel. Thank you. Mr. Varnas, you have a minute. Your Honor, unless the court has any questions, I don't have any more to present. Thank you, counsel. All right, thank you, Your Honor. The case just argued is submitted, and we appreciate the helpful arguments of both counsel.
judges: Graber, Berzon, Tunheim